# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| Mark McGriff, Board of Trustees Chairman and Doug Robinson Board of Trustees Secretary, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, | ) ) ) ) ) ) |
| Mark McGriff, Board of Trustees Chairman and Greg Hauswald, Secretary, on behalf of INDIANA/ KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; | ) ) ) ) ) ) ) |
| Mark McGriff, Board of Trustees Co-Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND; | ) ) ) ) ) ) |
| Mark McGriff, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND; | ) ) ) ) ) ) ) |
| Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA; and, | ) CASE NO.   3:18-cv-56-TBR ) ) ) ) |
| INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS, | ) ) ) ) |
| vs. | ) ) |
| IDEAL CONSTRUCTION, | ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs **Mark McGriff, Board of Trustees Chairman, and Doug Robinson, Board of Trustees Secretary**, on behalf of the **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND**; **Mark McGriff, Board of Trustees Chairman, and Greg Hauswald, Board of Trustees Secretary** on behalf of **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND**; **Mark McGriff, Board of Trustees Co-Chairman, and William Nix, Board of Trustees Co-Chairman**, on behalf of **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND**; **Mark McGriff, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary**, on behalf of **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND**; **Douglas J. McCarron, Board of Trustees Chairman**, on behalf of **UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA**; and, **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS**, by their attorneys, **PAUL T. BERKOWITZ & ASSOCIATES, LTD.**, complain of Defendant **IDEAL CONSTRUCTION** stating as follows:

## COUNT I

1.  This action arises under and jurisdiction resides with this Court pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq., ("ERISA") and more particularly under Sections 502 and 515 of ERISA, 29 U.S.C. §1132 and §1145, and is brought by Plaintiffs **Mark McGriff, Board of Trustees President, and Doug Robinson, Board of Trustees Secretary, on behalf of INDIANA/KENTUCKY/OHIO**

2

REGIONAL COUNCIL OF CARPENTERS PENSION FUND; Mark McGriff, Board of Trustees Chairman, and Greg Hauswald, Board of Trustees Secretary on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; Mark McGriff, Board of Trustees Co-Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND; Mark McGriff, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND; Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA (collectively referred to as the "Trust Funds") in order to judicially enforce the obligations owed, and breached, by Defendant **IDEAL CONSTRUCTION** ("Ideal") to the Plaintiffs Trust Funds. More specifically, Plaintiffs Trust Funds seek to compel Ideal to submit to a payroll audit for the period of January 1, 2016 through January 26, 2018. Plaintiffs Trust Funds seek to be reimbursed for the costs of the audit and their attorneys' fees and costs incurred as a result of being forced to file the instant civil action. Additionally, Plaintiffs Trust Funds seek to compel Ideal to pay any delinquent contributions which are uncovered by the audit, plus liquidated damages, and interest.

  **2.**  Plaintiffs Trust Funds are employee benefit funds within the meaning of and subject to ERISA. The Plaintiffs Trust Funds provide benefits for employees working within this judicial district and are, themselves, administered in this judicial district, with the exception of UBCATF.

  **3.**  At all times materials herein, Ideal has employed employees within this judicial district.

4. At all times material herein, Ideal has been a signatory to a collective bargaining agreement with the Indiana/Kentucky/Ohio Regional Council of Carpenters ("Union") and, as such, is bound by the Plaintiffs Trust Funds' Agreements and Declarations of Trust ("Trust Agreements").

5. The Union's collective bargaining agreement and the Trust Agreements by which Ideal has agreed to be bound provide, *inter alia*, that field audits of an employer's payroll and related records may be made by the Trust Funds so as to insure that the appropriate employer contributions are made to the Funds, that liquidated damages and interest fees are charged to any contribution which is not paid in a timely fashion and that the Funds' costs (attorneys' fees, etc.) incurred in enforcing the audit requirement and/or in collecting delinquent contributions, interest and liquidated damages are paid by the contractor refusing to make such payment and/or permit the audit.

6. Despite Plaintiffs Trust Funds' requests, Ideal has failed to permit Plaintiffs Trust Funds' designated field auditor to review Ideal's payroll books and related records.

7. Plaintiffs have satisfied all statutory prerequisites as set forth in 29 U.S.C. §1132(h).

WHEREFORE, Plaintiffs pray that this Court order that:

1. Ideal make available to the Plaintiffs Trust Funds' auditors the following records for the period of January 1, 2016 through January 26, 2018: (a) Master list of all employees, regardless of craft or occupation, showing employees' social security number(s) and craft (occupation or trade); (b) Calendar year-to-date summary showing regular, overtime and double time hours with corresponding earnings; (c) quarter-to-date summary showing regular, overtime and double time hours with corresponding earnings; (d) quarterly Federal 941's and State UC's (Workforce Development Contribution Reports); (e) W-2's with W-3, 1099's with 1096; (f) Corporate or Individual tax form (1120, 1120S, 1040, or 1065) dependent on company's tax status; (g) job site

list, showing city and state; (h) chart of accounts, and detail from the General Ledger for outside labor, casual labor, or subcontractors; (i) subcontractor listings showing names, dates and amounts, with job location and work performed; (j) time cards or time sheets; (k) check registers (cash disbursements); (l) contribution reports for all jurisdictions; and, (m) any such other financial records as are required by the auditors in order to determine the amount of contributions and deductions owed to the Plaintiffs Trust Funds by Ideal.

2. Within a reasonable time after completion of the inspection of all payroll books and records of Ideal, Plaintiffs Trust Funds shall file with the Court, and serve upon Ideal, an itemized statement of all delinquent contributions, deductions, interest, liquidated damages, late fees and audit costs Plaintiffs claim Ideal owes them. Absent objection, within fifteen (15) business days of service upon Ideal, the Court shall enter final judgment in favor of the Plaintiffs Trust Funds and against Ideal in the amount requested. In the event of an objection, the Court will determine the need for a further hearing;

3. Ideal pay statutory post-judgment interest on all delinquent contributions and deductions found due, herein;

4. Ideal pay Plaintiffs Trust Funds' attorneys' fees and costs; and,

5. Such other relief that this Court may find proper be entered against Ideal.

## COUNT II

1. Plaintiff **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS** ("Union") is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members within this judicial district.

2. At all times material herein, Defendant **IDEAL CONSTRUCTION** ("Ideal") has been engaged in an industry affecting interstate commerce and employs individuals working within this judicial district.

3. This Court has jurisdiction of this action pursuant to Section 301 of the Labor-Management Relations Act, 1947, as amended, 29 U.S.C. §185 ("LMRA").

4. At all times material herein, Ideal has been a signatory to a collective bargaining agreement with the Union. Included among the contractual obligations between the parties is the requirement that Ideal make certain payroll deductions and contributions to the Union (other than those identified in Count I) ("deductions"). Additionally, said collective bargaining agreement provides that the Union's costs (attorneys' fees, etc.) incurred in enforcing the payroll audit requirement and/or in collecting delinquent payroll deductions and interest are to be paid by the contractor refusing to make such payment and/or permit the audit.

5. Ideal is in breach of its contractual obligations to the Union by failing to permit an audit of its payroll books and records so that it can be determined whether Ideal has made the proper payments and done so on a timely basis for the period of January 1, 2016 through January 26, 2018.

WHEREFORE, Plaintiff Union prays that this Court order that:

1. Ideal pay the delinquent deductions, interest and liquidated damages, if any, found due to Plaintiff Union for the period of January 1, 2016 through January 26, 2018;

2. Ideal pay statutory post-judgment interest on all delinquent deductions, as found due by this order;

3. Ideal pay Plaintiff's attorneys' fees and costs; and,

4. Such other relief that this Court may find proper be entered against Ideal.

Respectfully submitted,

**PAUL T. BERKOWITZ & ASSOCIATES, LTD.**

By         s/ Paul T. Berkowitz
      **PLAINTIFFS' ATTORNEYS**

PAUL T. BERKOWITZ & ASSOCIATES, LTD.
123 West Madison Street, Suite 600
Chicago, Illinois 60602
P: (312) 419-0001
F: (312) 419-0002
E: paul@ptblaw.com
Attorney ID #86333